**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4033**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TYRONE ALLEN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:02-cr-00750-TLW-1)

Submitted:  June 3, 2010            Decided:   June 17, 2010

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.   Rose
Mary Sheppard Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Allen pled guilty to two counts of using and carrying a firearm in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c), 2 (2006). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal. Allen has submitted a pro se supplemental brief in which he claims he was unaware he was pleading guilty as an aider and abettor and that he is actually innocent of brandishing a shotgun during and in relation to a crime of violence. The Government did not file a brief.

We have reviewed the record and the plea colloquy and find Allen's guilty plea to the two charges was knowing and voluntary and there was no constructive amendment to the indictment. The record clearly shows Allen was aware he was pleading guilty to the two charges as an aider and abettor.

We further find no error with Allen's sentence. Allen did not object to any portion of the presentence report's calculations except regarding the amount of restitution which was decided in his favor. Thus, any claim he may have would be reviewed for plain error. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v.

2

Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). There was no error with respect to the Guidelines sentence because it was the same as the statutory minimum sentence for each conviction. Furthermore, the court granted the Government's motion for a downward departure.

There are no grounds upon which to appeal the district court's decision to grant the downward departure and the extent of that departure. See 18 U.S.C. § 3742(a) (2006); United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). Even after United States v. Booker, 543 U.S. 220 (2005), this court lacks the authority to review a court's decision to depart "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Clearly, the court was aware of its authority to depart.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED